UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CAUSE NO. 1:16-CR-40(1) RLM-TAB |
| | ) | |
| ROBERT HAUGHT | ) | |

SENTENCING MEMORANDUM

Robert Haught conspired with family members and others to fraudulently obtain powerful firearms from federally licensed firearms dealers and deliver them to McAllen, Texas, obliterate the serial numbers, and transfer them to people who would convey them to cartel members in Mexico. Mr. Haught has pleaded guilty to one count (Count 1) of conspiracy to provide false information during firearms purchases, 18 U.S.C. § 371, and one count (Count 4) of aiding and abetting the making of a false statement to a licensed firearms dealer. The government had no objection to the presentence report. Mr. Haught objected to ¶ 33 of the report (which recommends an enhancement for Mr. Haught's role in the offense). He originally objected to ¶ 47 (which reports an arrest not resulting in a conviction), but withdrew that objection at the sentencing hearing. The court adopts as its own findings ¶¶ 1-32, 34-80, and 83-94 of the presentence report, specifically including ¶¶ 51-68 concerning Mr. Haught's financial condition and earning ability.

Mr. Haught and the government both told the court they had no objections to the conditions of supervision proposed in Part D of the presentence report.

A sentencing court must first compute the guidelines sentence correctly, then decide whether the guidelines sentence is the correct sentence for that defendant. United States v. Garcia, 754 F.3d 460, 483 (7th Cir. 2014). The court applies the 2016 version of the sentencing guidelines.

Counts 1 and 4 are grouped together and treated as a single count for purposes of the guidelines calculations. U.S.S.G. § 3D1.2(d). The base offense level for illegal possession of a firearm is 14. U.S.S.G. § 2K2.1(a)(6)(C). Mr. Haught's offense level is increased by six levels because his crime involved 25 to 99 firearms, U.S.S.G. § 2K2.1(b)(1)(C), by four more levels because he obliterated serial numbers as part of the crime, U.S.S.G. § 2K2.1(b)(4)(B), by four more levels because he engaged in trafficking firearms, U.S.S.G. § 2K2.1(b)(5), and by four more levels because he transferred the firearms knowing they would be transferred outside the United States, U.S.S.G. § 2K2.1(b)(6)(A).

The sentencing guidelines require a three-level enhancement if the defendant was a manager or supervisor in criminal activity that involved five or more participants. U.S.S.G. § 3B1.1(b). The presentence report recommends that enhancement; Mr. Haught objects, with the government's concurrence. Mr. Haught says he was only associated with his wife Brianna and her brother Tyler Scales, and that the record doesn't support a finding — by a preponderance of the evidence — that he managed or supervised either of them. He also notes that the body of the presentence report only mentions four participants: Mr. Haught, his wife Brianna, her brother Tyler Scales, and Mr. Haught's brother Richard.

The presentence report has strong legal and factual support for the enhancement, but Robert's brother, Richard, already has been sentenced without a role-in-the-offense enhancement. It was Richard who enlisted Robert into the conspiracy and (until Richard was jailed following a drug-related arrest) directed Robert's activities. Neither the government nor the presentence report recommended a role-in-the-offense enhancement at the time of Richard's sentencing. There might have been good reason not to enhance Richard's offense level, or he might have deserved such an enhancement; in either event, his sentencing range was calculated without the enhancement, and to enhance Robert's offense level when Richard's wasn't enhanced would introduce an unwarranted sentencing disparity. Accordingly, the court sustains Mr. Haught's objection to ¶ 33 of the presentence report.

Mr. Haught's offense level is decreased by three levels to reflect his clear and timely acceptance of responsibility, U.S.S.G. § 3E1.1, and further proceedings at the the sentencing hearing bring his final adjusted offense level to 25. Mr. Haught has no previous criminal convictions for which the sentencing guidelines assess criminal history points, so he is assigned to criminal history category I, and the guidelines recommend a sentencing range of 57 to 71 months' imprisonment. U.S.S.G. § 5A.

The court decides the sentence under 18 U.S.C. § 3553, <u>United States v. Booker</u>, 543 U.S. 220 (2005). Accordingly, the court turns to the statutory factors, seeking a reasonable sentence: one sufficient, but not greater than necessary, to satisfy the purposes of the sentencing statute. 18 U.S.C. § 3553(a).

The guideline range is the starting point and the initial benchmark, but the court doesn't presume that the recommended range is reasonable. Gall v. United States, 552 U.S. 38, 50 (2007). As just calculated, the sentencing guidelines, which ordinarily pose the best hope, on a national basis, for avoiding unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, 18 U.S.C. § 3553(a)(6); United States v. Boscarino, 437 F.3d 634, 638 (7th Cir. 2006), recommend a sentencing range of 57 to 71 months. The government recommends a sentence within that range. The defense recommends a sentence without imprisonment.

Mr. Haught fraudulently obtained and took to Texas, or caused to be fraudulently obtained and taken to Texas, 54 semiautomatic weapons for delivery to cartels in Mexico. These weren't rifles for weekend hunting or sport; they were, for the most part, .50 caliber semiautomatic rifles and civilian versions of belt-fed machine guns – weapons of war. What those weapons were used for can't be known. Mr. Haught didn't come up with the scheme on his own: he picked up the fallen baton when his brother Richard became unable to run the scheme because he was in jail. Mr. Haught expanded the scheme by recruiting his wife and brother-in-law into it, and saw to it that a much larger number of weapons made their way to Mexico than had when Richard was in charge. Mr. Haught cooperated with authorities from his first contact with them, and his guilty plea spared the government the time and expense of trial and trial preparation.

Mr. Haught is 36 years old. He earned his GED after leaving school in the tenth grade. He is self-employed as a cabinet maker. Mr. Haught has a history of

4

using controlled substances, but says he stopped using them six years ago. He passed all drug tests while on pretrial supervision. His health is good, for the most part, but within the past year has been diagnosed with high blood pressure and diabetes. Mr. Haught is married for the second time. His first marriage produced two children, now aged 18 and 16; his second marriage has produced an eight year old son. Mr. Haught performed well on supervised release.

Based on his minimal criminal record, his fairly stable family life, his GED and earning ability, his recent effort to take steps to reduce the likelihood of a return to crime, and his lack of current use of controlled substances, Mr. Haught appears to pose a lower risk of future criminal activity than do most federal offenders.

The sentencing guidelines ordinarily are the best measurement of the need to reflect the crime's seriousness, to provide just punishment for the crime, and to deter others from committing the same sort of crimes. The guidelines are a bit low with respect to the seriousness of the crimes because the guideline recommendation would have been the same if all, rather than none, of these dozens of powerful firearms had been recovered. Mr. Haught says the guidelines are high with respect to the need for punishment in light of his cooperation and excellent performance on supervised release. Reasonably uniform sentencing practices generally tend to promote respect for the law.

The seriousness of these crimes, which seems to have seen many semi-automatic firearms placed in the hands of violent outlaws in another country, is such that Mr. Haught's requested non-custodial sentence is too low to reflect the

purposes of sentencing. Even with due regard to Mr. Haught's minimal criminal record, cooperation and excellent performance between his arrest and today, the guidelines have it right in this case: a sentence of at least 57 months is necessary to reflect the factors specifically set forth in 18 U.S.C. § 3553(a). An aggregate sentence of 57 months is sufficient but not greater than necessary to satisfy the purposes of 18 U.S.C. § 3553(a).

The statutes of conviction don't require a term of supervised release as part of the sentence, and the law allows a term of up to three years. The sentencing guidelines recommend a supervised release term of at least one and not more than three years. Given the seriousness of these crimes, a term of two years is reasonable to provide society with a little more protection from Mr. Haught. The conditions of supervised release would be those proposed in the presentence report.

Mr. Haught can't pay a fine within the $17,500.00 to $175,000.00 range recommended by the guidelines even if afforded the most generous of installment payment schedules, but if he avails himself of the Bureau of Prisons' Prisoners' Financial Responsibility Program, he can pay a fine of $1,000.00. A special assessment of $200.00 is mandatory. 18 U.S.C. § 3013.

Accordingly, it is the judgment of the court that the defendant, Robert Haught, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 57 months on Counts 1 and 4, with the terms to run concurrently for an aggregate sentence of 57 months.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of two years. While on supervised release, the defendant shall comply with the terms of supervision set forth in ¶¶ 81-82 of the presentence report, which paragraphs the court incorporates as part of this sentence. Mr. Haught expressly waived the reading in open court of the conditions of supervision.

The defendant shall pay to the United States a fine of $1,000.00 which shall be due in full at the conclusion of the term of imprisonment (to the extent not already paid), and a special assessment of $200.00, which shall be due immediately.

The defendant shall forfeit the following property to the government: one Ruger Model SR40C, .40 caliber handgun; one UTAS-USA Model UTS-15 12 gauge shotgun; one Ruger Model LC380 .380 caliber handgun; one Sig-Sauer Model Mosquito .22 caliber handgun; one Ruger Model SR9 9mm handgun; one Izhmash Model Saiga-12 12 gauge shotgun; one Henry Arms .30-30 caliber rifle; one Hi-Point Model 995 9mm rifle; five Barrett M82A1 .50 caliber rifles; and 2,214 rounds of ammunition in assorted calibers.

The court recommends that the Bureau of Prisons designate as the place of the defendant's confinement the facility at Terre Haute, Indiana, if consistent with the defendant's security classification as determined by the Bureau of Prisons.

Without objection from the government, the court finds, by clear and convincing evidence, that the defendant poses no risk of flight or danger to any other person, and so grants the defendant's request for the privilege of voluntary

surrender. The defendant shall report to the facility designated by the Bureau of Prisons, as advised by the U.S. Marshal Service, not later than 9:00 a.m. on February 15, 2018.

ENTERED:   December 19, 2017

  /s/ Robert L. Miller, Jr.  
Judge  
United States District Court

cc: R. Haught  
E. Schrager  
W. McCoskey  
USM  
USPO